[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 13, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15119
Non-Argument Calendar

_____

D. C. Docket No. 05-00857-CV-T
BKCY No. 03-81486-BK

IN RE: CHARLOTTE TERESA WILLIFORD,
 KENNETH WILLIFORD,

Debtors.

_____

CHARLOTTE TERESA WILLIFORD,
KENNETH WILLIFORD,

Plaintiffs-Appellants,

versus

KENNETH L. FUNDERBURK, ESQ.,
THOMAS F. WORTHY, ESQ.,
FUNDERBURK, DAY & LANE, P.C.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(March 13, 2007)**

Before BLACK, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Appellants, Charlotte and Kenneth Williford, appeal the district court's order affirming the bankruptcy court's memorandum decision granting summary judgment to Appellees, Kenneth Funderburk, Thomas Worthy, and Funderburk, Day & Lane, P.C., in Appellants' adversary proceeding alleging that Appellees' representation in a civil action violated the Alabama Legal Services Liability Act.

Initially, we must determine the bankruptcy court's jurisdiction to enter a final order granting summary judgment. Both parties agree the adversary proceeding was a non-core proceeding. The bankruptcy court heard the adversary proceeding and issued a memorandum decision granting summary judgment to Appellees. The district court affirmed in a short opinion, stating "[a]fter a de novo review of the record, this court fully agrees with the careful and thoughtful decision of the bankruptcy court."

A bankruptcy judge has jurisdiction to hear a non-core adversary proceeding and enter a report and recommendation. 28 U.S.C. § 157(c)(1). For a bankruptcy judge to enter the final order in a non-core adversary proceeding, however, the parties must consent and the district court must refer the case to the bankruptcy court. 28 U.S.C. § 157(c)(2). In this case, the parties did not consent to the

2

district judge referring the case to the bankruptcy judge for final determination, and the district judge made no such referral. Thus, the bankruptcy court should have entered a report and recommendation recommending the district court grant summary judgment in favor of Appellees rather than an order granting summary judgment to Appellees. Because the district court reviewed the bankruptcy court's order de novo as required by 28 U.S.C. § 157(c)(1), however, we treat the bankruptcy court's memorandum decision as a report and recommendation, and the district court's order affirming the bankruptcy court as the final order adopting the bankruptcy court's report and recommendation.

As to the substance of the claim, we agree with the district court that the Appellants failed to state a claim under the Alabama Legal Services Liability Act. Thus, we affirm for the reasons stated in the bankruptcy judge's well-reasoned memorandum decision (construed as a report and recommendation) of July 21, 2005.

**AFFIRMED.**